# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4064-16T3

NEW JERSEY DIVISION OF
CHILD PROTECTION AND
PERMANENCY,

     Plaintiff-Respondent,

v.

K.E.,

     Defendant-Appellant,

and

C.L.L.,

     Defendant.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF C.G.L.,

     a Minor.

_____

Argued September 13, 2018 – Decided September 27, 2018

Before Judges Hoffman and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FG-04-0128-17.

Beatrix W. Shear, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Beatrix W. Shear, on the briefs).

Ashley L. Davidow, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Laura A. Dwyer, Deputy Attorney General, on the brief).

Linda Vele Alexander, Designated Counsel, argued the cause for minor (Joseph E. Krakora, Public Defender, Law Guardian, attorney; Linda Vele Alexander, on the brief).

PER CURIAM

Defendant K.E.[1] appeals from the Family Part's May 11, 2017 judgment of guardianship terminating his parental rights to his son, C.G.L., born in October 2015.[2] Defendant contends that the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A. 30:4C-15.1(a) by

---

[1]  Pursuant to Rule 1:38-3(d), we use initials and fictitious names to protect the confidentiality of the participants in these proceedings.

[2]  The child's mother, C.L.L., voluntarily surrendered her parental rights to C.G.L.'s resource mother.  Therefore, C.L.L. is not a party to this appeal.

A-4064-16T3

clear and convincing evidence. The Law Guardian supports the termination on appeal as it did before the trial court.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendant's parental rights. Accordingly, we affirm substantially for the reasons set forth in Judge Francine I. Axelrad's comprehensive oral decision. We will not recite in detail the history of the Division's involvement with defendant. Instead, we incorporate Judge Axelrad's factual findings and legal conclusions. We add only the following comments.

C.G.L. has been in the Division's custody since he was released from the hospital following his birth. In the nineteen months that followed, the Division provided multiple opportunities for defendant to reunify with his child and address his long-standing substance abuse and mental health issues. None of these interventions proved successful because defendant did not regularly participate in services. After February 2016, defendant visited C.G.L. sporadically.[3] The Division investigated each individual defendant proffered as a possible caregiver for C.G.L., but none proved suitable. Since October 2015,

---

[3] Defendant's visits stopped on July 18, 2016, when he was incarcerated for testing positive for PCP for the third time.

A-4064-16T3

C.G.L. has been living in his current resource home, and his resource mother, who is his biological grandmother, wants to adopt him.

The Division's expert psychologist, Dr. Linda Jeffrey, conducted a bonding evaluation of C.G.L. and his resource parent. Dr. Jeffrey concluded that C.G.L. was positively attached to the resource parent and would be at risk of suffering severe and enduring harm if separated from her.

In her oral opinion, Judge Axelrad reviewed the evidence presented and thereafter concluded that: (1) the Division had proven all four prongs of the best interest test by clear and convincing evidence, N.J.S.A. 30:4C-15.1(a); and (2) termination of defendant's parental rights was in C.G.L.'s best interests. In this appeal, our review of the trial court's decision is limited. We defer to her expertise as a Family Part judge, Cesare v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).

After reviewing the record, we conclude that Judge Axelrad's factual findings are fully supported by the record and, in light of those facts, her legal

A-4064-16T3

conclusions are unassailable for the reasons that the judge expressed in her well-reasoned opinion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4064-16T3